UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH GRUBER )<br>)<br>513 S. 42nd Street, Apt. 4 )<br>Philadelphia, PA 19104 )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CITY OF PHILADELPHIA )<br>One Parkway Building )<br>17th Floor )<br>1515 Arch Street )<br>Philadelphia, PA 19102 )<br>Defendant )<br>_____) | CIVIL ACTION NUMBER:<br><br>Jury Trial Demanded |

## COMPLAINT

This is an action under Title 1 of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12111-12117; the Family Medical Leave Act, 29 U.S.C. 2601 et seq.; and the Pennsylvania Human Relations Act, 43 P.S. §§951, et seq., due to the unlawful employment practices on the basis of disability and leave, and to provide appropriate relief to Joseph Gruber ("Plaintiff") who was adversely affected by such practices. The City of Philadelphia ("Defendant") failed to

1

provide Plaintiff with a reasonable accommodation, and subsequently terminated him from his employment, in violation of the ADA, among other things.

Additionally, the City encouraged Mr. Gruber to take a lengthy leave of absence, and then abruptly terminated his employment due to the same leave of absence they requested he take.

## PARTIES

1. Plaintiff Joseph Gruber is an adult individual residing at 513 S. 42nd Street, Apt. 4, Philadelphia PA. At all times material hereto, Plaintiff was employed by Defendant.

2. Defendant City of Philadelphia is a Pennsylvania municipality located within the Eastern District of Pennsylvania.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331, 1367, and 1391.

4. This matter involves a federal question pursuant to the ADA such that jurisdiction properly lies in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1331.

5. This matter involves Pennsylvania causes of action such that supplemental jurisdiction properly lies in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1367.

6. Pursuant to 28 U.S.C. §1391 venue properly lies in the Eastern District of Pennsylvania because all material events regarding this matter occurred within the Eastern District.

7. Plaintiff has properly exhausted his administrative remedies. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on February 13, 2017 in which Plaintiff alleged violations of the Americans with Disabilities Act, 42 U.S.C.S., Chapter 5, et seq.; and the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§951, et seq.

8. Plaintiff requested that EEOC dual-file his charge with the Pennsylvania Human Relations Commission ("Pa. HRC").

9. On August 28, 2017, the EEOC issued a "Notice of Right to Sue" letter to Plaintiff.

## STATEMENT OF THE FACTS

10. Joseph Gruber was employed at the Office of Innovation and Technology (OIT) at the City of Philadelphia since 2009. He worked as a Geographic Systems Analyst for Licenses and Inspections ("L&I") and had not had any complaints or issues with his work.

11. On May 14, 2016, Mr. Gruber was involuntarily admitted to Mercy Hospital at the request of the City, in relation to his disability. He stayed at Mercy Hospital from May 14th through May 23rd, 2016. While admitted, he was forced to take an injection of a medication called Abilify, with a dosage that was set to last in his system for 3 months. This injection caused an episode of dystonia, a neurological condition, and akathisia, a movement disorder.

12. After his release, Mr. Gruber was diagnosed with an allergic reaction to the Abilify given to him at Mercy Hospital. He started treatment with Louis Littman, a psychiatrist who determined Gruber was still suffering from low energy and difficulty concentrating, as well as several other mental health issues. Dr. Littman further determined that this rendered Gruber incapable of working until he was stabilized by the medication Lamictal, which could take several months.

13. Mr. Gruber submitted paperwork for and was approved for 2 months' leave from the city pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq, and pursuant to the City's own policies on leave allowance and compensation for non-civil service officers and employees, written in Philadelphia Office of Human Resources Administrative Board Rule #11 ("Board Rule 11").

14. Gruber returned to work in June of 2016. In July, he was brought to a meeting with Licenses and Inspections ("L&I") Human Resources director Kirk McClarren and L&I IT Director Paul Eliopolous. They stated he was not yet ready to return to work and was still exhibiting erratic behavior due to the Abilify. As such, they instructed Gruber to attend a mandatory appointment with the City Medical Director Dr. George Hayes. Mr. McClarren emphasized to Mr. Gruber that he was "too valuable to lose" and suggested a long leave of absence to recuperate from the Abilify.

15. Dr. Hayes recommended further FMLA leave in effect from August 1st through September 1st and leave was granted.

16. On August 15, 2016, Mr. Gruber filed an application to use his accrued vacation and comp time during the family medical leave to keep him in paid status.

17. On August 17, 2016, Dr. Littman filed a Certification of Health Care Provider for Mr. Gruber's Serious Health Condition pursuant to the FMLA. Dr. Littman estimated that Mr. Gruber would be incapacitated and in need of leave at least from May 14 through October 17 of 2016. Dr. Littman suggested an additional 1-3 months on top of that, with a reevaluation following that time.

18. The week before his leave was to expire, Mr. Gruber requested additional leave until November 3, 2016. Mr. Gruber's sister spoke with Patty Burch, Human Resources Assistant to the OIT, who granted the additional leave and informed her that it was common to request additional leave of up to a year.

19. Mr. Gruber believed his leave was granted and continued to stay on leave, with no communication from the City indicating there was any problem with him doing so. In fact, Ms. Burch sent him his COBRA information for health insurance on September 21, 2016 with no discussion that he was reaching the end of his allowable leave.

20. This is consistent with Board Rule 11, which states in relevant part:

(a) The Appointing authority . . . may grant a leave of absence without pay or accrual of benefits for a period not exceeding one (1) year to an exempt employee upon the employee's written request.

21. On October 28, Mr. Gruber wrote to Ms. Burch and stated that he still felt that he was not yet ready to return to work and, in accordance with Ms. Burch's previous statements that leave was typically granted up to a year, requested leave until February 1, 2017.

22. Ms. Burch responded on November 3. Despite receiving all required notice of Mr. Gruber's request for a reasonable accommodation of extension of leave, and despite receipt of Dr. Littman's certification of Mr. Gruber's serious health condition, Mr. Burch stated that the City would not grant another leave of absence and terminated Gruber's employment immediately, citing the refusal to extend his leave of absence. There was no additional reason or explanation given for this termination other than the denial of further leave.

23. Even though Mr. Gruber made the request on October 28th, 6 days before he was to return, Ms. Burch waited until the day Mr. Gruber was scheduled to return to respond, and used his absence that day as grounds for termination. There had been no warning that a request for further leave would result in his termination, and every indication to the contrary.

24. On December 7, 2016, Dr. Littman reevaluated Mr. Gruber and judged him medically able to return to work.

25. Gruber's termination was based on Defendant's unlawful failure to provide a reasonable accommodation and in response to his request for leave that was traditionally granted.

26. The effects of the practices complained of in Paragraphs 10-25 have been to deprive Mr. Gruber of equal employment opportunities and, otherwise, adversely affect his status as an employee because of his disability.

27. By terminating Mr. Gruber without providing a reference, letter of recommendation, or severance, Defendant has significantly increased the difficulty of Mr. Gruber finding future employment.

28. The unlawful employment practices complain of in Paragraphs 10-25 were intentional and were carried out with malice and/or reckless indifference to the federally and state protected rights of Mr. Gruber.

29. The effects of the practices complained of in Paragraphs ∫10-25 have been to inflict emotional pain, suffering, and inconvenience upon Mr. Gruber and deprive him of the financial and other benefits of working for Defendant.

## COUNT I: VIOLATION OF TITLE 1 OF THE AMERICANS WITH DISABILITIES ACT

30. The allegations of the foregoing paragraphs are incorporated by reference.

31. Mr. Gruber is a person with a disability because he has impairments that substantially limit one or more major life activities (low energy, depression, concentration) including the temporary inability to perform tasks relating to work; he has a record of such impairments and was regarded as having such impairments. 42 U.S.C. 12101; 29 C.F.R. §1630.2.

32. Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulations, 29 C.F.R. Part 1630 et seq., require covered employers, such as Defendant, to refrain from discriminating against qualified individuals on the basis of disability, including by providing reasonable accommodations to qualified employees with disabilities.

33. Reasonable accommodations include granting short term disability leave until February of 2017, as suggested by Mr. Gruber after speaking with Dr. Littman, and engaging with Mr. Gruber to determine a set return date, or providing an alternative system to allow Mr. Gruber to re-enter the workplace.

34. Mr. Gruber is a qualified individual with a disability who needed a short-term extension of the disability leave that Defendant initially recommended, and who needed the extension in part to recover from medication forcefully given to him on his initial, employer mandated, leave.

35. Defendant failed to provide Mr. Gruber with the full leave initially offered to him via Ms. Burch, in compliance with City rules and guidelines.

36. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of the ADA, 42 U.S.C. §§12111-12117 and its implementing regulation, 29 C.F.R. Part 1630.

37. As a result of Defendant's discriminatory conduct, Mr. Gruber suffered and continues to suffer damages including emotional distress, lost income, humiliation, and pain and suffering.

Wherefore, Gruber demands a judgment to be entered in favor of plaintiff, and demands reinstatement; damages for loss of job and loss of future career income; back pay with interest; front pay with interest; past and future lost wages and/or decrease in earning capacity; compensation for loss of benefits and insurance; compensation for inconvenience and emotional upset; Punitive damages, as permitted by law; reasonable attorney's fees; and all damages authorized by law and equity.

## COUNT II: DISCRIMINATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §§951, ET SEQ.

38. The allegations of the foregoing paragraphs are incorporated by reference.

39. The Pennsylvania Human Relations Act, 43 P.S. §§ 951 et seq., prevents employers from discriminating against qualified employees because of a disability.

40. Mr. Gruber has a disability, namely a mental health condition that required extended leave, is a qualified individual, and has suffered an adverse employment action, namely:

> (a) the failure to reasonably accommodate him by granting him the requested leave;
>
> (b) the subsequent illegal termination of his employment;
>
> (c) failure to explore any alternative accommodations of and/or ways to accommodate Mr. Gruber's disability;
>
> (d) implementing employment practices that violate Pennsylvania and United States law and policy;
>
> (e) failing to follow Defendant's own stated employment practices.

41. Defendant's sole basis for terminating Mr. Gruber was discriminatory and Defendant violated applicable law and did so intentionally, with malice and/or reckless indifference to Plaintiff and/or Plaintiff's rights.

Wherefore, Gruber demands a judgment to be entered in favor of plaintiff, and demands reinstatement; damages for loss of job and loss of future career income; back pay with interest; front pay with interest; past and future lost wages and/or decrease in earning capacity; compensation for loss of benefits and insurance; compensation for inconvenience and emotional upset; Punitive damages, as permitted by law; reasonable attorney's fees; and all damages authorized by law and equity.

### **COUNT III: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT: RETALIATION AND FAILURE TO PROVIDE ADEQUATE NOTICE**

42. The allegations of the foregoing paragraphs are incorporated by reference.

43. The Family Medical Leave Act, 29 U.S.C. 2601 et seq., prohibits an employer from intentionally discriminating against a qualified employer for exercising his or her rights under the FMLA.

44. The FMLA further requires that employers provide proper notice to their employees taking leave, such that employers allow their employees to make informed decisions about leave, including the expectations concerning extension of leave.

45. An employer is prohibited from retaliating against an employee protected under the FMLA by engaging in an adverse employment decision causally related to the employee's exercise of FMLA rights.

46. Gruber properly requested leave pursuant to the FMLA, and pursuant to City guidelines. Gruber had a serious health condition which warranted more leave than the initial 12 weeks provided under the FMLA. In fact, Gruber was asked to take additional leave by the City, in accordance with City policy that routinely grants up to a year additional leave.

47. Gruber's termination was explicitly connected to his request for leave. The notice of termination cited "Refusal of LOA"(Leave of Absence) as the cause of his termination. The City did not merely inform him he had to return or get additional certification. They immediately terminated him on receipt of his request for additional leave.

48. Moreover, the City failed to provide Mr. Gruber with adequate notice that taking further leave would result in his termination. Mr. Gruber made his final request for leave 6 days before he was due to return to work. The City waited until the day he was to return before responding to his request, at which point they terminated him for not showing up.

49.     The City utterly failed to inform Mr. Gruber in the week between his request and his return date that there would be any consequence if he did not return on that date. Indeed, in the past the City had granted such leave or implicitly allowed it without providing any sign that anything more would be needed.  There was no way for Mr. Gruber to know that he was in danger of losing his job by not showing up on the 3rd.

50.     The City intentionally misled Mr. Gruber not to show up for work on November 3, to provide cover to terminate his employment.

Wherefore, Gruber demands a judgment to be entered in favor of plaintiff, and demands reinstatement; damages for loss of job and loss of future career income; back pay with interest; front pay with interest; past and future lost wages and/or decrease in earning capacity; compensation for loss of benefits and insurance; compensation for inconvenience and emotional upset; Punitive damages, as permitted by law; reasonable attorney's fees; and all damages authorized by law and equity.

## COUNT IV: WRONGFUL TERMINATION

51.     The allegations of the foregoing paragraphs are incorporated by reference.

52.     As set forth more fully throughout this complaint, Mr. Gruber was a qualified and capable employee.

53. At all times material hereto, Mr. Gruber either performed all essential duties of his job despite his disability or was diligently addressing his disability to return to full time work.

54. Mr. Gruber diligently followed the requests of the City and all human resources officers, and took leave initially at the request of the City.

55. Mr. Gruber was informed by the City that he could take up to a year off, with notice, and Mr. Gruber diligently provided notice for all requests for extension of his leave.

56. The City's own policies included the allowance of up to a year of leave, and Mr. Gruber was encouraged to take off as much time as he needed.

57. Despite this, the City terminated Mr. Gruber without responding to his last request for leave, even though they had almost a week to send him a response. The City failed to even inform him that he could be in danger of losing his position.

58. Defendant was aware that Mr. Gruber would need time but was expected to shortly return to work.

59. Defendant retaliated against and terminated Mr. Gruber on a discriminatory and unlawful basis.

60. Accordingly, Defendant's termination is wrongful and unlawful.

Wherefore, Gruber requests reinstatement; damages for loss of job and loss of future career income; back pay with interest; front pay with interest; past and future lost wages and/or decrease in earning capacity; compensation for loss of benefits and insurance; compensation for inconvenience and emotional upset; Punitive damages, as permitted by law; reasonable attorney's fees; and all damages authorized by law and equity.

Respectfully Submitted,

*/s/*

LAW OFFICE OF ROBERT JACKEL
Robert A. Jackel, Esquire
399 Market Street
Suite 360
Philadelphia, PA 19106
225-610-8060
Attorney for Plaintiff